## EASTERN NATIONAL BANK, Petitioner,

v.

## C. Todd CONOVER, Comptroller of the Currency of the United States; Office of the Comptroller of the Currency, Department of the Treasury, an agency of the United States; and United States of America, Respondents.

### No. 85–3378.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 6, 1986.

Decided March 21, 1986.

Levy, Lybeck & Schwartz, Union, N.J., E. Robert Levy, of counsel and on brief, Edward Bertele, Pinchus D. Raice, on brief, for petitioner.

Eugene M. Katz, Director, Mark Leemon, Trial Atty., Office of the Comptroller of the Currency, Washington, D.C., for respondents.

Before ALDISERT, Chief Judge, and SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

This matter arises out of administrative proceedings brought by the Office of the Comptroller of the Currency (OCC) under the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.* (1982 & West Supp. 1985), to determine whether Eastern National Bank is engaging in unsafe and unsound banking practices warranting issuance of a cease and desist order. Those proceedings were initiated by the issuance of a Notice of Charges against Eastern National Bank in December 1984. A hearing has yet to be held on the charges, however. This is so because the Bank filed a petition for review of a prehearing ruling by the administrative law judge denying the Bank's motion to compel disclosure of the sanctions that the OCC may seek to impose against the Bank. We conclude

that we are without jurisdiction to review the ALJ's ruling, and will therefore dismiss the matter.

## I.

The Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, as amended by the Financial Institutions Supervisory Act of 1966 and the Financial Institutions Regulatory and Interest Rate Control Act of 1978, sets up a complex administrative scheme under which the OCC and other federal banking agencies may impose cease and desist orders against banking institutions that engage in unsafe and unsound practices. Proceedings are commenced by the issuance of a Notice of Charges by the OCC, identifying the improper practices of the bank or its officers. 12 U.S.C. § 1818(b)(1). Thirty to sixty days after the Notice of Charges is served upon the bank, a hearing is held at which the appropriate agency makes findings as to whether the bank is engaging in unlawful or improper practices. If such practices are found, a cease and desist order may be issued, requiring the bank or its personnel to correct the unsafe conditions or otherwise conform to applicable regulatory or statutory standards. *Id.*

Under 12 U.S.C. § 1818(h) and (i), review may be sought in the federal courts by certain parties of orders issued after hearings to obtain cease and desist orders under § 1818(b)(1), but only in specified circumstances. First, a permanent cease and desist order may be reviewed by a court of appeals at the request of either party. § 1818(h)(2). Second, a bank may seek relief in a court of appeals from a temporary cease and desist order issued under § 1818(c)(1) before the completion of cease and desist proceedings. § 1818(c)(2). Finally, the appropriate federal banking agency may apply to a district court for enforcement of a cease and desist order. § 1818(d), (i)(1). To assure the speed and efficiency of the administrative scheme, judicial interference in the proceedings is limited to these specified situations. The bar against untimely judicial intervention is made explicit in § 1818(i)(1). That provision states that "except as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order."

As the Court of Appeals for the District of Columbia Circuit has observed, each of the three permissible instances of review presupposes an outstanding temporary or permanent cease and desist order. *Investment Company Institute v. Federal Deposit Insurance Corp.*, 728 F.2d 518, 524 (D.C.Cir.1984). *See also Groos National Bank v. Comptroller*, 573 F.2d 889 (5th Cir.1978). There is no such cease and desist order outstanding here. Rather, the Bank seeks review of a ruling of the ALJ that denied the Bank's motion for disclosure of the sanctions that the OCC proposes to impose against the Bank if the charges of unsafe and unsound practices are sustained. To allow such interlocutory review would disrupt the swift completion of the administrative proceedings that is essential to protect depositors against their banks' unacceptable practices. Indeed, this case illustrates well the evils of untimely judicial review of administrative actions in cease and desist proceedings; the Bank's petition for review of a prehearing ruling has delayed the hearing for over a year.

## II.

We conclude that under the plain terms of § 1818(h) and (i), we lack jurisdiction to review the ALJ's prehearing ruling denying the Bank's motion to compel disclosure of proposed sanctions. Accordingly, the petition for review will be dismissed.